UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN SIDNEY,

               -against-                              **COMPLAINT**
                                                  **AND JURY DEMAND**

THE CITY OF NEW YORK, CORRECTION OFFICER
"JOHN" WHITFIELD, CORRECTION OFFICER "JOHN"
BRUCE, CORRECTION OFFICER "JOHN" McKINNEY,
CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN
"JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY
 "JOHN" WESTERN and WARDEN "JOHN" WALSH,

                          Defendants.
-------------------------------------------------------------------X


       Plaintiff JOHN SIDNEY by his attorneys TRACIE A. SUNDACK & ASSOCIATES, L.L.C.,

complaining of the Defendants THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN"

WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN"

McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN

"JOHN" MATOS, DEPUTY "JOHN" WESTERN and WARDEN "JOHN" WALSH,

respectfully alleges, as follows:


### JURISDICTION

     1.     This action arises under the provisions of the First, Fourth, Fifth,  Sixth, Eighth

and Fourteenth Amendments to the  United States Constitution and under federal law, particularly the Civil

Rights Act, 42 U.S.C. Sections 1981, 1983 and 1985 (2) and (3).

     2.     This Court has jurisdiction of this cause under 28 U.S.C., by virtue of Section 1343.

Declaratory and injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 and 2202 and F.R.C.P.

37.

3.     Moreover, and to the extent that such is necessary, because there are State Law causes of action joined by this litigation, all of which have a common nucleus of operative facts with the federal causes of action, Plaintiff JOHN SIDNEY  respectfully requests that the Court assume pendant jurisdiction over said State Law causes of action.

4.     On or about July 23, 2003, within 90 days of the happening of the accident, but more than 30 days prior to the commencement of this action, Plaintiff JOHN SIDNEY  duly presented, served, and filed a Notice of Claim, in writing, upon THE CITY OF NEW YORK setting forth the name and post office address of claimant; the nature of the claim, the time when, the place where, and the manner in which the claim arose.

5.     More than 30 days have elapsed since service of said Notice of Claim and payment or adjustment thereof has been neglected or refused on behalf of Defendant, THE CITY OF NEW YORK.

6.     A hearing pursuant to section 50(h) of the Municipal Law was waived due to Plaintiff's incarceration.

7.     This action was commenced within one year and ninety days of the date of the occurrence herein.

### AS AND FOR A FIRST CAUSE OF ACTION FOR FAILURE TO PROTECT

8.     At all relevant times, Defendant THE CITY OF NEW YORK was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of NEW YORK.

9.     At all relevant times, Defendant CORRECTION OFFICER "JOHN" WHITFIELD was employed by the Defendant, THE CITY OF NEW YORK, Department of Correction and was assigned to the George Motchan Detention Center.

10.    At all relevant times, Defendant CORRECTION OFFICER "JOHN" BRUCE was

employed by the Defendant, THE CITY OF NEW YORK, Department of Correction and was assigned to the George Motchan Detention Center.

11.    At all relevant times, Defendant CORRECTION OFFICER "JOHN" McKINNEY was employed by the Defendant, THE CITY OF NEW YORK, Department of Correction and was assigned to the George Motchan Detention Center.

12.    At all relevant times, Defendant CORRECTION OFFICER "JOHN" PRICOLI was employed by the Defendant, THE CITY OF NEW YORK, Department of Correction and was assigned to the George Motchan Detention Center.

13.    At all relevant times, Defendant CAPTAIN "JOHN" YOUNG was employed by the Defendant, THE CITY OF NEW YORK, Department of Correction and was assigned to the George Motchan Detention Center.

14.    At all relevant times, Defendant CAPTAIN  "JOHN" MATOS was employed by the Defendant, THE CITY OF NEW YORK, Department of Correction and was assigned to the George Motchan Detention Center.

15.    At all relevant times, Defendant DEPUTY "JOHN" WESTERN was employed by the Defendant, THE CITY OF NEW YORK, Department of Correction and was assigned to the George Motchan Detention Center.

16.    At all relevant times, Defendant WARDEN  "JOHN" WALSH was employed by the Defendant, THE CITY OF NEW YORK, Department of Correction and was assigned to the George Motchan Detention Center.

17.    Upon information and belief, at all relevant times, Defendant CORRECTION OFFICER "JOHN" WHITFIELD was acting within the scope of his employment as a correction officer.

18.    Upon information and belief, at all relevant times, Defendant CORRECTION OFFICER

"JOHN" BRUCE was acting within the scope of his employment as a correction officer.

19.     Upon information and belief, at all relevant times, Defendant CORRECTION OFFICER "JOHN" McKINNEY was acting within the scope of his employment as a correction officer.

20.     Upon information and belief, at all relevant times, Defendant CORRECTION OFFICER "JOHN" PRICOLI was acting within the scope of his employment as a correction officer.

21.     Upon information and belief, at all relevant times, Defendant CAPTAIN "JOHN" YOUNG was acting within the scope of his employment as a captain.

22.     Upon information and belief, at all relevant times, Defendant CAPTAIN "JOHN" MATOS was acting within the scope of his employment as a captain.

23.     Upon information and belief, at all relevant times, Defendant DEPUTY "JOHN" WESTERN was acting within the scope of his employment as a deputy.

24.     Upon information and belief, at all relevant times, Defendant WARDEN "JOHN" WALSH was acting within the scope of his employment as a warden.

25.At all relevant times, Defendants CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, were acting  under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the City, and State of New York, County of Bronx and under the authority of this office as correction officers, captains, deputy and warden for said city and county.

26.     On June 15, 2003, Plaintiff JOHN SIDNEY was an inmate at the George Motchan Detention Center.

27.     On June 14, 2003, Plaintiff JOHN SIDNEY reported to defendants CORRECTION

OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER

"JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG,

CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH,

that inmate (KEVIN SMITH) was threatening and hostile toward Plaintiff.

28.     On June 15, 2003,  Defendants CORRECTION OFFICER "JOHN" WHITFIELD,

CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY,

CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS,

DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, were in 4 Main A-side of the George

Motchan Detention Center.

29.     On June 15, 2003 at approximately 5:30 a.m., while in the dayroom of 4 main A-side of the

George Motchan Detention Center, Plaintiff JOHN SIDNEY was attacked by the inmate (KEVIN SMITH)

without any provocation. (The "ATTACK".)

30.     Defendants CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER

"JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN"

PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and

WARDEN "JOHN" WALSH, had notice that the ATTACK was likely to occur and disregarding said notice

failed to prevent and/or intervene in the ATTACK in a timely manner.

31.     Immediately after the Plaintiff JOHN SIDNEY suffered serious and severe injuries, the

Defendants, THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" WHITFIELD,

CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY,

CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS,

DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, and their agents, servants, and/or

employees failed to provide the Plaintiff JOHN SIDNEY with necessary, immediate medical attention

thereby causing the Plaintiff JOHN SIDNEY to suffer additional pain and suffering and aggravating his physical injuries.

32.     The foregoing acts of the Defendants THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, under color of law and under color of their authority as employees, agents, and/or servants of the State of New York, violated Plaintiff JOHN SIDNEY's civil rights guaranteed to Plaintiff JOHN SIDNEY as a citizen of the United States, by the VIII and XI Amendments of the United States Constitution, and are therefore liable pursuant to 42 U.S.C. Section 1983.

33.     As a result of the acts of Defendant THE CITY OF NEW YORK, its agents, servants, and/or employees, including but not limited to Defendants CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, Plaintiff JOHN SIDNEY suffered serious personal injuries causing him to become and remain sick, sore, lame, and disabled; compelling him to obtain medical treatment for the injuries in an effort to alleviate and/or cure some of the injuries and disabilities, incapacitating him from his duties and thereby depriving him of the  emoluments derived therefrom, preventing him from enjoying the normal fruits  of his activities, and resulting in substantial monetary expenses, loss  and injuries, some of  which are permanent in nature.

34.     The conduct of each of the Defendants THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG,

CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH,

deprived Plaintiff JOHN SIDNEY of the following rights, privileges and immunities secured to him by the

United States Constitution:

a.      The right of Plaintiff to be secure in his person and effects against unreasonable search and

seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

b.      The right of Plaintiff to be informed of the nature and cause of the accusation against him,

secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

c.      The right of Plaintiff not to be deprived of life, liberty, or property without due process of

law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the

Constitution of the United States.

As a result of the foregoing, Plaintiff JOHN SIDNEY has suffered damages in the sum of ONE

MILLION ($1,000,000.00) DOLLARS.

**   AS AND FOR A SECOND CAUSE OF ACTION FOR FAILURE TO SUPERVISE**

35.    Plaintiff JOHN SIDNEY repeats, reiterates, and realleges each and every paragraph of this

complaint and further alleges:

36.    The failure of Defendant, THE CITY OF NEW YORK,  to adequately train, supervise,

discipline, or in any way control the behavior of Defendants, CORRECTION OFFICER "JOHN"

WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN"

McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN

"JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, in the exercise of

their correction officer functions, and their failure to enforce the laws of the State of New York and the

regulations of Defendant, THE CITY OF NEW YORK, is evidence of the reckless lack of cautious regard

for the rights of the public including Plaintiff, JOHN SIDNEY.  Further, Defendants THE CITY OF NEW

YORK, CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE,

CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI,

CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and

WARDEN "JOHN" WALSH, exhibited a lack of that degree of due care which prudent and reasonable

individuals would show.

37.    The failure of the Defendant, THE CITY OF NEW YORK, to train, supervise, discipline, or in

any other way control the Defendants, CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION

OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER

"JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN"

WESTERN and WARDEN "JOHN" WALSH, and other officers assigned to the George Motchan Detention

Center in the exercise of their correction officer functions and their failure to enforce the laws of the State of

New York and the regulations of the Defendant THE CITY OF NEW YORK, was carried out willfully,

wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious

disregard for the dangers of harm and injury to the citizens of New York, including Plaintiff, JOHN

SIDNEY.

38.    It is the policy, custom and practice of the Defendant, THE CITY OF NEW YORK, to (a)

inadequately train, supervise, discipline or in any way control the behavior of correction officers, captains,

deputies and wardens in their employ;  (b)  continue to employ members of the department of corrections

without adequate training, supervision or discipline;  (c)  make no investigation of charges of inadequate

training, supervision or discipline of Defendants, CORRECTION OFFICER "JOHN" WHITFIELD,

CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY,

CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS,

DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, and other members of the department of

corrections;  (d)  make  no effort to halt and/or discipline officers charged with these or similar offenses, whether civilly or criminally.

39.    All of these policies, customs and practices of the Defendant, THE CITY OF NEW YORK, were a proximate cause of the injuries sustained by Plaintiff JOHN SIDNEY.

40.    Wherefore, Plaintiff JOHN SIDNEY asks that this Court declare the policies, practices and acts complained of as illegal and unconstitutional, and issue an injunction against Defendants THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, to cease and desist from the above described activities.

## AS AND FOR A THIRD CAUSE OF ACTION FOR PUNITIVE DAMAGES

41.    Plaintiff JOHN SIDNEY repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

42.    The acts, conduct, and behavior of Defendants, THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, performed each of them knowingly, intentionally, and maliciously.

43.    By reason of the foregoing, Plaintiff JOHN SIDNEY is entitled to an award of punitive damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION  FOR ATTORNEY'S FEES

44.    Plaintiff JOHN SIDNEY repeats, reiterates, and realleges each and every paragraph of this complaint and further alleges:

45.     By reason of the foregoing acts and/or omissions of the Defendants THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, in violation of the VIII and XI Amendments of the United States Constitution Plaintiff JOHN SIDNEY has been forced to bring this lawsuit to enforce 42 U.S.C. Section 1983 and as a result thereof has suffered significant economic loss in the form of attorney's fees.

46.     Pursuant to 42 U.S.C. Section 1988 Plaintiff JOHN SIDNEY is entitled to reasonable attorney's fees as part of the costs.

47.     By reason of the foregoing, Plaintiff  JOHN SIDNEY is entitled to attorneys  fees in the amount of ONE  MILLION ($1,000,000.00) DOLLARS.

**WHEREFORE,**  Plaintiff JOHN SIDNEY demands judgment against Defendants THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" WHITFIELD, CORRECTION OFFICER "JOHN" BRUCE, CORRECTION OFFICER "JOHN" McKINNEY, CORRECTION OFFICER "JOHN" PRICOLI, CAPTAIN "JOHN" YOUNG, CAPTAIN "JOHN" MATOS, DEPUTY  "JOHN" WESTERN and WARDEN "JOHN" WALSH, jointly and severally as follows:  On the First Cause of Action for the sum of ONE MILLION ($1,000,000.00) DOLLARS, the Second Cause of Action for an injunction, the Third Cause of Action for the sum of ONE MILLION ($1,000,000.00) DOLLARS, and the Fourth Cause of Action in the amount of ONE MILLION ($1,000,000.00) DOLLARS, together with interest, costs and disbursements of this action.

**JURY DEMAND**

Plaintiff JOHN SIDNEY demands a trial by jury in this action.

Dated: White Plains, New York
        June 14, 2004

_____
TRACIE A. SUNDACK (TAS-7778)
Attorneys for Plaintiff
JOHN SIDNEY
7 South Broadway-Suite 304
White Plains, New York  10601
 (914) 946-8100